Per Curiam.

There was no evidence of fraud in the election. The voters could not have been misled as there was but one judicial office on the ballot to be filled and the successful candidate could not have been elected for other than the unexpired term. Although proofs of the official ballot were not posted on the wall of the office of the board of elections, the record discloses that proofs were available for inspection at that office.
The record discloses further that Davis and her committee distributed to the electors, by mail and otherwise, 25,000 copies of a sample ballot, which were in precisely the same form as the official ballot, with no indication that the election was for an unexpired term and listing the offices in the same order in which they were listed on the official ballot. Thereafter, on behalf of Davis there was caused to be published in a Portsmouth newspaper of general circulation a copy of the sample ballot in the same form.
The appellants, having raised no objection to the form or insufficiency of the official ballot before the election, although proofs thereof were available to them, cannot, after the election and the determination of its result, be heard to attack the validity of the election for insufficiency in the form of the ballot.
"Strictly speaking, all provisions of the election laws are mandatory in the sense that they impose the duty of obedience upon those who come within their purview, but irregularities, which were not caused by fraud and which have not interfered with a full and *341 fair expression of the voters’ choice, should not effect a disfranchisement of the voters.” Mehling v. Moorehead, 133 Ohio St., 395, 406, 14 N. E. (2d), 15.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Middleton, Taet, Hart, Zimmerman, Stewart and Lamneck, JJ., concur.